BOERSCH SHAPIRO LLP
Martha Boersch (CA State Bar No. 126569)
mboersch@boerschshapiro.com
235 Montgomery Street, Suite 835
San Francisco, CA 94104
Telephone: (415) 500-6640

Attorney for Defendant
PURVIS ELLIS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PURVIS LAMAR ELLIS, DEANTE TERRANCE KINCAID, DAMIEN EDWARD MCDANIEL, and JOSEPH PENNYMON<br><br>Defendant. | Case No. CR13-00818 PJH<br><br>**MOTION TO SUPPRESS EVIDENCE SEIZED PURSUANT TO ARREST AND FOR *FRANKS* HEARING**<br><br>Hearing Date: May 13, 2015<br><br>Hearing Time: 1:30 p.m.<br><br>Trial Date: TBD |

TO: UNITED STATES OF AMERICA, PLAINTIFF; AND MELINDA HAAG, UNITED STATES ATTORNEY; AND JOSEPH ALIOTO, ASSISTANT UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE that on May 13, 2015 at 1:30 p.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Phyllis Hamilton, United States District Judge, defendant Purvis Ellis, by and through his counsel of record, Martha Boersch, will move this Honorable Court for an order suppressing all evidence seized pursuant to the arrest of Mr. Ellis on January 22, 2012. This motion is based upon the Fourth Amendment to the United States Constitution, the attached Memorandum of Points and Authorities, the Declaration, all files and records in this case, and any further evidence as may be adduced at the hearing on this Motion.

**TABLE OF CONTENTS**

INTRODUCTION ..........................................................................................................................1

FACTUAL BACKGROUND ......................................................................................................1

LEGAL STANDARD...................................................................................................................3

    I.     ALL EVIDENCE SEIZED AS THE RESULT OF MR. ELLIS'S ARREST MUST BE SUPPRESSED BECAUSE THE ARREST WAS NOT SUPPORTED BY PROBABLE CAUSE..................................................................................................3

        A.     The Arrest Warrant for Mr. Ellis Contained a Material False Statement ............3

        B.     The Arrest Warrant Lacked Probable Cause ..........................................................4

            1.     The Arrest Warrant Affidavit Is Defective for the Same Reasons that the Search Warrant Affidavit Was Defective ...................................5

            2.     The Remaining Information in the Arrest Warrant Also Fails to Give Rise to Probable Cause to Arrest Mr. Ellis .....................................6

    II.    THE GOOD FAITH EXCEPTION TO THE EXCLUSIONARY RULE DOES NOT APPLY...............................................................................................................10

    III.   NO INDEPENDENT GROUNDS EXISTED TO ARREST MR. ELLIS .....................12

    IV.   MR. ELLIS IS ENTITLED TO A *FRANKS* HEARING ON THE ISSUE OF THE FALSE INFORMATION IN THE WARRANT AFFIDAVIT ABOUT HIS CRIMINAL HISTORY ...........................................................................................12

CONCLUSION...........................................................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*Burrell v. McIlroy*,
 464 F.3d 853 (9th Cir. 2006) ................................................................................................. 9

*Chrisman v. Field*,
 448 F.2d 175 (9th Cir. 1971) ............................................................................................... 12

*Embry*,
 2014 U.S. Dist. LEXIS 63292 ............................................................................................... 8

*Franks v. Delaware*,
 438 U.S. 154 (1978) ..................................................................................................... passim

*Gerstein v. Pugh*,
 420 U.S. 103 (1975) ............................................................................................................. 3

*Giordenello v. United States*,
 357 U.S. 480 (1955) ............................................................................................................. 7

*Illinois v. Gates*,
 426 U.S. 213 (1983) ......................................................................................................... 7, 8

*Kalina v. Fletcher*,
 122 U.S. 118 (1997) ............................................................................................................. 3

*Malley v. Briggs*,
 475 U.S. 335 (1986) ............................................................................................................. 3

*People v. Case*,
 105 Cal.App.3d 826 (1980) ............................................................................................... 10

*Ray v. United States*,
 412 F.2d 1052 (9th Cir. 1969) ............................................................................................. 7

*United States v. Bell*,
 585 F.3d 1045 (7th Cir. 2009) ............................................................................................. 7

*United States v. Bishop*,
 264 F.3d 919 (9th Cir. 2001) ............................................................................................... 4

*United States v. Cox*,
 475 F.2d 837 (9th Cir. 1973) ............................................................................................. 12

*United States v. Davis*,
 No. CR 11-025, 2011 U.S. Dist. LEXIS 57133 (E.D. Wash. May 27, 2011) ..................... 9

*United States v. DeLeon*,
 979 F.2d 761 (9th Cir. 1992) ........................................................................................... 3, 4

*United States v. Howell*,
 231 F.3d 615 (9th Cir. 2000) ............................................................................................. 12

*United States v. Kow*,
 58 F.3d 423 (9th Cir. 1995) ............................................................................................... 11

*United States v. Leon*,
  468 U.S. 897 (1984) .................................................................................................................10, 11

*United States v. Luong*,
  470 F.3d 898 (9th Cir. 2006) ...............................................................................................................11

*United States v. Martinez-Garcia*,
  397 F.3d 1205 (9th Cir. 2005) ...............................................................................................................8

*United States v. McCain*,
  271 F. Supp. 2d 1187 (N.D. Cal. 2003) .................................................................................................9

*United States v. Reeves*,
  210 F.3d 1041 (9th Cir. 2000) ...........................................................................................................4, 8

*United States v. Walczak*,
  783 F.2d 852 (9th Cir. 1986) ...............................................................................................................12

*United States v. Weber*,
  923 F.2d 1338 (9th Cir. 1990) ...............................................................................................................9

*United States v. Yost*,
  2:07-cr-00145, 2009 U.S. Dist. LEXIS 58088 (D. Nev. Mar. 26, 2009) ..........................................12

*United States v. Young*,
  CR-09-081, 2010 U.S. Dist. LEXIS 22035 (C.D. Cal. Feb. 18, 2010) ...............................................7

## INTRODUCTION

All evidence seized as a result of Mr. Ellis's arrest – including all evidence obtained from the cell phones – must be suppressed because the arrest warrant lacked probable cause. Specifically, the affidavit in support of the state Ramey warrant failed to establish probable cause to arrest Mr. Ellis because it included material false information about Mr. Ellis's criminal history and it failed to set forth the necessary factual nexus between Mr. Ellis and any criminal activity. Absent the defective warrant, probable cause did not otherwise exist to justify the arrest, and all evidence seized pursuant to the arrest must be suppressed.

## FACTUAL BACKGROUND[1]

At some time on the morning of January 22, 2013, Mr. Ellis and several other individuals walked out of apartment 112 at 1759 Seminary Avenue and were detained by OPD. Later that afternoon, OPD obtained an arrest warrant for Mr. Ellis. Ex. A [arrest warrant]. The first two and a half pages of the affidavit for the arrest warrant are identical to the affidavit for the warrant to search apartments 108, 110, and 212 of 1759 Seminary Avenue. (*Compare* Ex. C [Search Warrant Affidavit Reports-Documents ("RD") 003408-11] *with* Ex. B [Arrest Warrant Affidavit RD 003412-14].[2] In that section of the arrest warrant, the affiant states the following: "Based on this conversation [*i.e.*, a conversation with an unidentified confidential informant], Officer Valle told your affiant that Valle believes that Deante Kincaid put the gun that was taken from Officer [Redacted] and the gun that was possibly used to shoot him with [sic] inside Ellis' [sic] apartment." Ex. B at RD 003409. The affiant also states that Mr. Ellis (a.k.a. "B.O.T.") may have been in driveway during struggle between officers and suspects; that a confidential informant told OPD, without any corroboration, that Mr. Ellis lived at 1759 Seminary Avenue; and that a confidential informant told OPD, again without any corroboration, that several days earlier, Mr. Ellis may have been seen in a car that was affiliated, days later, with

---

[1] The factual allegations set forth herein are derived primarily from police reports. By reciting those allegations here, Mr. Ellis does not concede the truth or accuracy of any of those facts, and indeed he does and will dispute the truth and accuracy of such factual allegations.

[2] References to page numbers in the exhibits refer to the Bates-stamped page numbers at the bottom right corner of each page.

criminal activity. Ex. B at RD 003409.

The new information in the affidavit begins in the middle of the page at RD 003414, with the sentence "A search warrant service of 1759 Seminary Avenue Apt # 212 in the morning of 22 Jan 13, yielded the two Glock handguns that were taken from Officer [Redacted] during his struggle."[3]

Beyond the mention of the illegal search of apartment 212, the arrest warrant affidavit also states the following:

> Officer S. Valle's informant received a call from a female [Redacted]. This female told Officer Valle's informant, previously referred to as X, that [Redacted] shortly after the shooting of Officer [Redacted].

Ex. B at RD 003414.

> The recovery of the Glock firearms belonging to Officer [Redacted] combined with the fact that the C.I. information that says [redacted] tends to indicate that Purvis Ellis has involvement in the assault and attempted murder of Officer [redacted].

*Id.*

The affidavit for the arrest warrant for Mr. Ellis includes a reference to a prior criminal conviction and states the following: "On 6 June 08, Oakland Police Lieutenant T. Jones executed a search warrant on a vehicle Purvis Ellis was believed to be storing weapons. 4 assault rifles were recovered from the trunk of the vehicle . . . . Ellis was later convicted of possessing those Assault Rifles." Ex. B at RD 003415. The last statement, however, is false. Mr. Ellis has never been convicted of possessing four – or any – assault rifles. Instead, on October 14, 2009, Mr. Ellis pleaded guilty to possession for sale of cocaine base, in violation of 11351.5 of California's Health and Safety Code. Ex. D [criminal history report]. Although Mr. Ellis also pleaded to a gun enhancement, he did not plead to anything regarding an assault rifle. *Id.*

Finally, the affidavit included statements about the affiant's own beliefs:

> I know from past investigations that Purvis Ellis was associated with the extremely violent Gas Team gang years ago and that his name has been

---

[3] For the reasons set forth in the Motion to Suppress Evidence from Search, filed concurrently herewith and incorporated by reference, the search of apartment 212 was not supported by probable cause, and the fruits of that search, including the guns allegedly recovered from that apartment, must be excluded. As such, the evidence seized from apartment 212 cannot contribute to a finding of probable cause to arrest Mr. Ellis.

> associated with gangs known to commit shootings with great regularity. I know that search warrants have been served on Ellis that yielded the seizure of firearms in the past. . . . In June 2008, the Oakland Police Department partnered with the Alameda County District Attorney's Office and conducted a criminal investigation on a criminal street gang that operated in Oakland called the Acorn Gang. Wiretaps were used and one of the targets of the wiretaps was Purvis Ellis.

Ex. B at RD 003414-15.

## LEGAL STANDARD

"The Fourth Amendment requires that arrest warrants be based upon probable cause, supported by Oath or affirmation." *Kalina v. Fletcher*, 122 U.S. 118, 129 (1997) (internal quotation marks omitted) (citing *Gerstein v. Pugh*, 420 U.S. 103, 117 (1975)). Probable cause exists where the "facts and circumstances [are] sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." *Gerstein*, 420 U.S. at 111. Where an arrest is made pursuant to a warrant, the arrest violates the Fourth Amendment if "a reasonably well-trained officer . . . would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant." *Malley v. Briggs*, 475 U.S. 335, 345 (1986).

## ARGUMENT

**I. ALL EVIDENCE SEIZED AS THE RESULT OF MR. ELLIS'S ARREST MUST BE SUPPRESSED BECAUSE THE ARREST WAS NOT SUPPORTED BY PROBABLE CAUSE**

**A.  The Arrest Warrant for Mr. Ellis Contained a Material False Statement**

As an initial matter, the arrest warrant failed to establish probable cause because of the deliberate and/or reckless inclusion of a material false statement. A defendant is entitled to challenge the validity of a warrant affidavit if he makes a substantial preliminary showing that (1) the affiant "knowingly and intentionally, or with reckless disregard for the truth" inserted a false or misleading statement in the warrant affidavit, and (2) the affidavit cannot support a finding of probable cause without the allegedly false or misleading information. *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978). If, after an evidentiary hearing, the Court finds that the issuing judge was misled by false information, then suppression of the evidence is required. *United States v. DeLeon*, 979 F.2d 761, 763 (9th Cir. 1992).

The affidavit for the arrest warrant for Mr. Ellis includes a reference to a prior criminal conviction and states the following: "On 6 June 08, Oakland Police Lieutenant T. Jones executed a search warrant on a vehicle Purvis Ellis was believed to be storing weapons. 4 assault rifles were recovered from the trunk of the vehicle . . . . Ellis was later convicted of possessing those Assault Rifles." Ex. B at RD 003415. The last statement, however, is false. Mr. Ellis has never been convicted of possessing four – or any – assault rifles. Instead, on October 14, 2009, Mr. Ellis pleaded guilty to possession for sale of cocaine base, in violation of 11351.5 of California's Health and Safety Code. Ex. D. Although Mr. Ellis also pleaded to a gun enhancement, he did not plead to anything regarding an assault rifle.[4] *Id.*

That false statement was plainly material to the probable cause determination, as the primary allegation in the affidavit was that OPD believed Mr. Ellis was involved in the shooting of an OPD officer and that Mr. Ellis illegally possessed multiple guns, including two taken from the shot officer. Evidence that Mr. Ellis had previously been convicted of possessing multiple guns – assault weapons no less – would have provided powerful support for OPD's claims. There can be no doubt that the state court judge that issued the arrest warrant was misled by the false information in the affidavit. Suppression of all evidence arising out of Mr. Ellis's arrest is required. *DeLeon*, 979 F.2d at 763.

**B.     The Arrest Warrant Lacked Probable Cause**

Without the false information regarding Mr. Ellis's criminal history, the affidavit cannot support a finding of probable cause. *Franks*, 438 U.S. at 155-56; *United States v. Bishop*, 264 F.3d 919, 924 (9th Cir. 2001) ("Once the district court determined that the search warrant included illegally obtained information, it properly purged the affidavit of the offending facts and examined whether the remaining facts still afforded a substantial basis for concluding that the search warrant was supported by probable cause"); *United States v. Reeves*, 210 F.3d 1041, 1044 (9th Cir. 2000). The other evidence relied upon by the warrant – an unidentified confidential informant who in turn relies on hearsay, and unsupported and conclusory statements by the affiant – do not create probable cause to

---

[4] The affidavit also falsely states that Mr. Ellis "admitted on the wiretaps that the [assault] rifles belonged to him." Mr. Ellis made no such admission. Nor did the affiant set forth any basis for personal knowledge of the contents of any conversations recorded on the wiretap.

connect Mr. Ellis to any criminal activity.

### 1. The Arrest Warrant Affidavit Is Defective for the Same Reasons that the Search Warrant Affidavit Was Defective

As an initial matter, the first two and a half pages of the affidavit for the arrest warrant are identical to the affidavit for the warrant to search apartments 108, 110, and 212 of 1759 Seminary Avenue. (*Compare* Ex. C [Search Warrant Affidavit, RD 003408-11] *with* Ex. B [Arrest Warrant Affidavit, RD 003412-14]. As set forth in his Motion to Suppress Evidence from the Illegal Search, filed concurrently herewith and incorporated by reference herein, the affidavit for the search warrant failed to establish probable cause to search any apartments for the following reasons: (i) it lacked any information that Mr. Ellis had committed a criminal offense or that evidence of criminal activity would be found in apartment 212; (ii) the only information in the affidavit of any substance was uncorroborated information received from an unreliable informant; (iii) the affidavit omitted material information about an alleged previous probation search, misleading the state court judge to sign the warrant; and (iv) the warrant was overbroad. *See generally* Mot. to Supp. Evid. from Illegal Search.

Nothing in the first two and a half pages of the arrest warrant (*i.e.*, the portion of the arrest warrant affidavit that is identical to the search warrant affidavit) gives rise to probable cause to believe that Mr. Ellis had committed a criminal offense. To the contrary, that portion of the arrest warrant affidavit suffers from the same deficiencies as the search warrant affidavit. *See* Mot. to Supp. Evid. from Illegal Search at 7-12 (describing the deficiencies in the search warrant affidavit and explaining how those deficiencies resulted in the failure to establish probable cause to search apartment 212 and the other apartments). The only statement in that portion of the arrest warrant that could be construed as connecting Mr. Ellis to alleged criminal activity is the following: "Based on this conversation [*i.e.*, a conversation with an unidentified confidential informant], Officer Valle told your affiant that Valle believes that Deante Kincaid put the gun that was taken from Officer [Redacted] and the gun that was possibly used to shoot him with [sic] inside Ellis' [sic] apartment." Ex. C at RD 003409. As set forth in the Motion to Suppress Evidence from Illegal Search, that statement cannot support probable cause because it relies exclusively on uncorroborated information from an unreliable informant who lacks a demonstrated basis of knowledge for the information conveyed to OPD. *See* Mot. to Supp. Evid. from

Illegal Search at 7-12.

But even if that information contained sufficient indicia of reliability – it plainly does not – the information would not, by itself, create probable cause to support OPD's claim that Mr. Ellis was involved in the alleged shooting of the officer. Rather, it merely states that one of the suspects in the shooting placed certain guns in an apartment where OPD believed – but could not affirmatively demonstrate with any proof – that Mr. Ellis resided.

Nothing else in the portion of the arrest warrant affidavit that is identical to the search warrant affidavit connects Mr. Ellis with any alleged criminal activity or otherwise supports probable cause for his arrest. *See* Ex. B at RD 003409 (statement that although that Mr. Ellis (a.ka. "B.O.T.") may have been in driveway during struggle between officers and suspects, no evidence that Mr. Ellis was involved in any way in that struggle); (statement that confidential informant told OPD, without any corroboration, that Mr. Ellis lived at 1759 Seminary Avenue); (heavily redacted statement appearing to suggest that confidential informant told OPD, again without any corroboration, that several days earlier, Mr. Ellis may have been seen in a car that was affiliated, days later, with criminal activity.) In short, the first two and a half pages of the arrest warrant do not create probable cause to support the arrest of Mr. Ellis.

### 2. The Remaining Information in the Arrest Warrant Also Fails to Give Rise to Probable Cause to Arrest Mr. Ellis

The additional information in the arrest warrant affidavit does not give rise to probable cause to arrest Mr. Ellis. The new information in the affidavit begins in the middle of the page at RD 003414, with the sentence "A search warrant service of 1759 Seminary Avenue Apt # 212 in the morning of 22 Jan 13, yielded the two Glock handguns that were taken from Officer [Redacted] during his struggle." Of course, for the reasons set forth in the Motion to Suppress Evidence from Search, the search of apartment 212 was not supported by probable cause, and the fruits of that search, including the guns allegedly recovered from that apartment, must be excluded. As such, the evidence seized from apartment 212 cannot contribute to a finding of probable cause to arrest Mr. Ellis.

Beyond the mention of the illegal search of apartment 212, the arrest warrant affidavit also relies on uncorroborated information received from an unreliable informant. Specifically, the affidavit

states the following:

> Officer S. Valle's informant received a call from a female [Redacted]. This female told Officer Valle's informant, previously referred to as X, that [Redacted] shortly after the shooting of Officer [Redacted].

Ex. B RD 003414.

With the heavy redactions, it is impossible for the defense to challenge the particular information allegedly conveyed by the "female" to the confidential informant. The same is true of the next statement in the affidavit involving the informant: "The recovery of the Glock firearms belonging to Officer [Redacted] combined with the fact that the C.I. information that says [redacted] tends to indicate that Purvis Ellis has involvement in the assault and attempted murder of Officer [redacted]." Ex. B RD 003414. Regardless, and as set forth in detail in the Motion to Suppress Evidence from Illegal Search, the information provided by the informant was not sufficiently reliable and the informant lacked the necessary indicia of a basis of knowledge of the information allegedly conveyed by him. *See* Mot. to Supp. Evid. from Illegal Search at 7-12; *United States v. Young*, CR-09-081, 2010 U.S. Dist. LEXIS 22035, at *11-12 (C.D. Cal. Feb. 18, 2010) (warrant failed to establish probable cause because of defects in the affidavit, including that the affidavit failed to provide any information to establish the informant's reliability; failed to indicate whether the informant provided information to law enforcement in the past; failed to give information about the nature of the informant's relationship with the defendant; and the informant did not appear before the issuing judge, which would have given the judge an opportunity to assess his credibility (*citing United States v. Bell*, 585 F.3d 1045, 1048 (7th Cir. 2009)).

With respect to the statement regarding a call from a female, that statement relies upon double-hearsay, fundamentally undermining its reliability and suggesting the Court discount the statement entirely. *Bishop*, 264 F.3d at 925 (informant's tip may be deemed reliable, in part, if based on first-hand knowledge and personal observation rather than hearsay.); *Ray v. United States*, 412 F.2d 1052, 1053 (9th Cir. 1969) (arrest warrant invalid because the affidavit of probable cause did not state the sources of the information contained therein (citing *Giordenello v. United States*, 357 U.S. 480 (1955); *Illinois v. Gates*, 426 U.S. 213, 225 (1983) (nothing in statement "from which one might conclude that [the informant] is either honest or his information reliable.").

Regarding the second statement about the alleged recovery of the pistols, as noted above, that evidence must be suppressed as the fruit of an illegal search, and therefore cannot be used to support probable cause in the arrest warrant. *Franks*, 438 U.S. at 155-56; *Bishop*, 264 F.3d at 924 ("Once the district court determined that the search warrant included illegally obtained information, it properly purged the affidavit of the offending facts and examined whether the remaining facts still afforded a substantial basis for concluding that the search warrant was supported by probable cause"); *Reeves*, 210 F.3d at 1044.

The lack of any corroboration of the informant's statement in the arrest warrant affidavit further confirms that those statements cannot support probable cause. *Embry*, 2014 U.S. Dist. LEXIS 63292, at *24 (tip deemed unreliable, and warrant therefore lacked probable cause, where tip was "completely uncorroborated by independent police observation"); *compare with Gates*, 426 U.S. at 244 (where tip itself did not demonstrate any degree of reliability, Court concluded that tip was reliable under the totality of the circumstances because independent police observation confirmed almost all of the details that the tipster had provided); *Bishop*, 264 F.3d at 926 (deeming tip from informant known to police to be reliable because "there was corroboration through other sources of information sufficient to corroborate the veracity of the informant."); *United States v. Martinez-Garcia*, 397 F.3d 1205, 1216-17 (9th Cir. 2005) (finding totality of the circumstances indicated probable cause where informant's information was bolstered in the search warrant affidavit by independent police investigation of the tip, including an investigation into the drug distribution at defendant's residence, information that the informant had never failed a polygraph test, and that the tip he provided was corroborated by law enforcement observations).

Besides the mention of the illegal search of apartment 212 and the unreliable statements from the unidentified confidential informant, the only other "evidence" in the arrest warrant affidavit is conclusory statements by the affiant regarding Mr. Ellis's alleged affiliation with other gangs in the past. Specifically, the affidavit provides the following:

> I know from past investigations that Purvis Ellis was associated with the extremely violent Gas Team gang years ago and that his name has been associated with gangs known to commit shootings with great regularity. I know that search warrants have been served on Ellis that yielded the seizure of firearms in the past. . . . In June 2008, the Oakland Police

> Department partnered with the Alameda County District Attorney's Office and conducted a criminal investigation on a criminal street gang that operated in Oakland called the Acorn Gang. Wiretaps were used and one of the targets of the wiretaps was Purvis Ellis.

Ex. B RD 003414-15.

Although a court may consider criminal history in determining probable cause, "criminal history alone cannot establish reasonable suspicion or probable cause." *Burrell v. McIlroy*, 464 F.3d 853, 858 n.3 (9th Cir. 2006); *United States v. Davis*, No. CR 11-025, 2011 U.S. Dist. LEXIS 57133, at *23-25 (E.D. Wash. May 27, 2011) (granting motion to suppress warrant where law enforcement omitted material information and where defendant's criminal history was insufficient to create probable cause). On that basis alone, the Court should conclude that the warrant failed to create probable cause, as the affiant's statements about Mr. Ellis's past are the only statements left in the affidavit after the (i) false information regarding a prior conviction for possessing assault weapons; (ii) the unreliable information from the informant; and (iii) the information about the illegal search of apartment 212 are all purged, as they must be.

The absence of probable cause is made more obvious by the fact that the affiant's statements about Mr. Ellis's past are not even a recitation of Mr. Ellis's criminal history. Rather, the statements are a troubling mix of vague and conclusory assertions about certain wholly undefined "associations" Mr. Ellis allegedly had during an unknown period of time "years ago." Those statements cannot support probable cause to arrest Mr. Ellis. *United States v. McCain*, 271 F. Supp. 2d 1187, 1194 (N.D. Cal. 2003) (suppressing evidence from search and holding that "[c]onclusory statements [in a warrant affidavit] will not suffice" to establish probable cause); *United States v. Weber*, 923 F.2d 1338, 1345 (9th Cir. 1990) (criticizing "boilerplate recitations designed to meet all law enforcement needs" in warrant affidavits); *Franks*, 438 U.S. at 165 ("warrant affidavit must set forth *particular facts and circumstances* underlying the existence of probable cause, so as to allow the magistrate to make an independent evaluation of the matter." (emphasis added)).

Finally, the affidavit references a wiretap from 2008 and claims that Mr. Ellis was a target in that investigation. Even if it were true that there was a wiretap in 2008 – the government has produced no evidence to the defense regarding that alleged wire and the affiant set forth no basis upon

which he has any personal knowledge of that investigation or of the alleged wiretap – it in no way supports probable cause to believe that Mr. Ellis was involved in an alleged confrontation with an OPD officer in 2013, five years later.

For all of the reasons discussed above, the arrest warrant for Mr. Ellis lacked probable cause: it contained false material information; it heavily relied upon uncorroborated information from an informant who displayed no indicia of reliability nor a sufficient – or any – basis for his knowledge; and it depended upon vague and conclusory allegations by the affiant that lack the necessary particularity and lack a foundation for personal knowledge. All evidence seized pursuant to the arrest of Mr. Ellis must be suppressed.

## II. THE GOOD FAITH EXCEPTION TO THE EXCLUSIONARY RULE DOES NOT APPLY

The Supreme Court has created a "good faith exception" to the exclusionary rule when officers act in reasonable reliance on a "warrant issued by a neutral magistrate but ultimately found to be invalid." *United States v. Leon*, 468 U.S. 897, 922-23 (1984). That exception, however, does not apply to cases such as this one, "when the affidavit is so lacking in indicia of probable cause that official belief in its existence is objectively unreasonable." *Id.*

It is worth emphasizing that in seeking a *Ramey* warrant, OPD chose to bypass the risk that Alameda County District Attorney's office might disagree with OPD's belief that it had probable cause to arrest Mr. Ellis. Generally in California, in order for a police agency to obtain an arrest warrant, it must submit a report to the District Attorney. If the District Attorney feels there is enough evidence to file the case, the police agency can request that the case be filed and, at the same time, an arrest warrant issued. A *Ramey* warrant, however, allows a police agency to bypass the District Attorney's office and avoid the risk that the District Attorney would decline to file the case. Instead, with a *Ramey* warrant, a police agency, prior to an arrest, can go directly to a state court judge and ask the judge to sign off "on an officer's belief that he has probable cause to make the arrest without involving the prosecutor's discretion in determining whether to initiate criminal proceedings." *People v. Case*, 105 Cal.App.3d 826, 831 (1980). Given the profound deficiencies in the arrest warrant affidavit, there should be little surprise that OPD chose to bypass the D.A.'s office through the use of

a *Ramey* warrant.

Suppression of evidence seized based on a warrant lacking probable cause is appropriate "if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *Id.* at 926. The government bears the burden of proving that reliance on the warrant was objectively reasonable. *See United States v. Kow*, 58 F.3d 423, 428 (9th Cir. 1995).

The government cannot meet that burden in this case. First, and most importantly, the warrant affidavit contained the material false information alleging that Mr. Ellis had been convicted of possessing four assault weapons arising out of a 2008 incident. *See* Section C., *supra*. As recognized by the Supreme Court, the good faith exception does not apply to affidavits that contain deliberate and/or reckless misrepresentations. *See Leon*, 468 U.S. at 923 (good faith exception does not apply, and suppression remains appropriate, "if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth" (*citing Franks*, 438 U.S. at 154)). The false information regarding Mr. Ellis's criminal history, which plainly was material to the state court's determination of probable cause, prevents the government from carrying its burden of proving that the good-faith exception should apply.

Second, as discussed in Section D., *supra*, the arrest warrant lacks the necessary and particularized factual nexus between Mr. Ellis and any criminal activity. As a result, the arrest warrant affidavit, which relied extensively on an unreliable informant and conclusory statements by the OPD affiant, failed to establish probable cause to arrest Mr. Ellis, and any belief by OPD that probable cause existed was "objectively unreasonable." *Leon*, 468 U.S. at 922-23; *United States v. Luong*, 470 F.3d 898, 903 (9th Cir. 2006) (finding good faith exception inapplicable because the affidavit was "critical[ly] deficien[t]" in that it relied "on an unverified tip as the lynchpin for its theory of probable cause"). Under these circumstances, "no reasonably well trained police officer would have believed that there was probable cause" to arrest Mr. Ellis. *Leon*, 468 U.S. at 926.

///

///

## III. NO INDEPENDENT GROUNDS EXISTED TO ARREST MR. ELLIS

Where an arrest warrant is determined to be invalid, a subsequent search and seizure incident to the arrest may nonetheless be permissible if the arrest were nonetheless supported by probable cause. *United States v. Cox*, 475 F.2d 837, 841 (9th Cir. 1973) (invalid warrant results in invalid arrest absent an "independent reason for an arrest."); *Chrisman v. Field*, 448 F.2d 175, 176 (9th Cir. 1971) (where arrest warrant was invalid, search and seizure was permissible because "an invalid arrest warrant does not negate the validity of an arrest which is supported by probable cause").

In the present case, there were no independent reasons, and no independent sources to supply probable cause, for the arrest of Mr. Ellis other than the search warrant. Under these circumstances, the search and seizure incident to Mr. Ellis's arrest were illegal, and the fruits of that search and seizure must be suppressed.

## IV. MR. ELLIS IS ENTITLED TO A *FRANKS* HEARING ON THE ISSUE OF THE FALSE INFORMATION IN THE WARRANT AFFIDAVIT ABOUT HIS CRIMINAL HISTORY

The Court should suppress all evidence seized as a result of Mr. Ellis's arrest because the arrest was not supported by probable cause. In the alternative, and at the very least, Mr. Ellis has made a sufficient showing to entitle him to a *Franks* evidentiary hearing regarding the false information in the arrest warrant affidavit. According to the Ninth Circuit, an evidentiary hearing on a motion to suppress should be held if the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the court to conclude that contested issues of material fact exist. *United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000) (*citing, United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986)); *United States v. Yost*, 2:07-cr-00145, 2009 U.S. Dist. LEXIS 58088, at *7 (D. Nev. Mar. 26, 2009) (for evidentiary hearing defendant must demonstrate that a "significant disputed factual issue" exists). In the present case, an evidentiary hearing is necessary to resolve the issue of the statement in the arrest warrant that falsely claimed that Mr. Ellis was previously convicted of possessing four assault weapons.

/ / /

/ / /

/ / /

## CONCLUSION

For all of the reasons discussed above, Mr. Ellis was arrested without probable cause and all evidence seized as a result of that arrest must be suppressed. In the alternative, Mr. Ellis is entitled to a *Franks* hearing on the issue of the false statement in the arrest warrant affidavit.

Respectfully submitted,

BOERSCH SHAPIRO

DATED: February 6, 2015

                                    */s/ Martha Boersch*
MARTHA BOERSCH