CHRISTOPHER J. CANNON
SCOTT A. SUGARMAN
MATTHEW A. LAWS

# SUGARMAN & CANNON
ATTORNEYS AT LAW
737 TEHAMA STREET, No. 3
SAN FRANCISCO, CALIFORNIA 94103

(415) 362-6252

August 15, 2016

Hon. Donna M. Ryu
United States Magistrate Judge
Oakland Courthouse, Courtroom 4 - 3rd Floor
1301 Clay Street,
Oakland, CA 94612

      Re: Joint Letter Regarding Expert Disclosure Schedule 13-cr-00818-PJH (DMR)

Dear Judge Ryu,

      This Court Ordered the parties to submit a joint letter regarding any agreement on deadlines for expert disclosures in this matter. Doc. No. 215-1. The parties have agreed to make initial expert disclosures 90 days prior to the pretrial conference ("Initial Expert Disclosure"). If rebuttal or additional experts are needed to respond to information disclosed in the Initial Expert Disclosure, the parties shall disclose any additional experts or materials by a secondary disclosure deadline of 60 days prior to the pretrial conference. The defense, however, would like to emphasize that its ability to identify and disclose experts is dependent on the government's timely disclosure of material for those experts to examine; and there is a potential that the defendants may not designate primary experts, but only rebuttal experts.

      The parties have agreed upon the expert disclosure process as described above, but may seek the Court's guidance in language that would operate to limit or guide additional disclosures.

      The defense would prefer:

            Both parties shall make good faith disclosures within those timelines, but reserve the right to supplement if the opposing party's discovery productions or disclosures warrant additional expert testimony.

      The government would prefer:

            Both parties shall make good faith disclosures within those timelines, but reserve the right to supplement if the opposing party's discovery productions, disclosures, or other new developments warrant additional expert testimony.

      The defense suggested substituting "unforeseen" for "new" in the government's preferred language, however the government would like to be able to supplement its disclosures and witnesses if something develops after the disclosure date that justifies expert testimony. The defense is concerned that this may lead to arguments about what is reasonably "new," and it may not give the defense time to seek any rebuttal expert, let alone have that expert meaningfully

evaluate any new or additional material in time for trial.  Likewise, the government is concerned that, in the unlikely event that either side needs to supplement its disclosures, using the word "foreseeable" will lead to unnecessary squabbles over what is "foreseeable" versus what is "new."  Given the tendency for hindsight to be "20/20," the government believes that just about anything might be argued to be "foreseeable" even if it is new.

The parties will continue to meet and confer on an expert disclosure schedule and mutually acceptable contingency language.

Respectfully submitted,

_____/s/_____
Christopher J. Cannon
Attorney for Deante Kincaid

_____/s/_____
Martha Boersch
Attorney for Purvis Ellis

_____/s/_____
Edwin Prather
Attorney for Joseph Pennymon

_____/s/_____
James Vaughns
Attorney for Damien McDaniel

_____/s/_____
Scott Joiner
Assistant United States Attorney